FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE M., O/B/O, M.E.M., A MINOR CHILD,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | No. 1:19-CV-03182-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 13.  Plaintiff brings this action on behalf of her minor child, M.E.M., seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3) of the Commissioner of Social Security's final decision, which found that M.E.M. was not eligible for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §1381-1383f.  AR 1-4, 33-50.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary

Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

## I.   Jurisdiction

On January 26, 2016, Plaintiff filed an application for Supplemental Security Income on behalf of M.E.M.  AR 105.  She alleged a disability onset date of June 1, 2015.  AR 237.  The application was initially denied on April 20, 2016, AR 132-34, and on reconsideration on August 17, 2016, AR 141-43.

Administrative Law Judge ("ALJ") Tom L. Morris held a hearing on December 8, 2017 and heard testimony from Plaintiff and M.E.M.  AR 37-75.  The ALJ held a supplemental hearing on March 14, 2018 and took the testimony of medical expert Robert Pelc, Ph.D.  AR 76-96.  On August 1, 2018, the ALJ issued a decision finding M.E.M. ineligible for disability benefits.  AR 10-23.  The Appeals Council denied Plaintiff's request for review on June 13, 2019.  AR 1-5. Plaintiff sought judicial review by this Court on August 9, 2019.  ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II.   Sequential Evaluation Process

To qualify for Title XVI Supplement Security Income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments" (listings). 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

    (1) Acquiring and using information:

    (2) Attending and completing tasks;

    (3) Interacting and relating with others;

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3**

      (4) Moving about and manipulating objects;

      (5) Caring for self; and

      (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.  Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. M.E.M. was six years old at the date of application. AR 237. Plaintiff alleged that M.E.M. had the following conditions:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5**

panic attacks; attention deficit hyperactivity disorder (ADHD) with combined subtype; attention deficit disorder (ADD); and anxiety. AR 270. M.E.M. was in the first grade at the time of application and was not in special education. AR 273. Plaintiff reported that M.E.M. had never worked. AR 273.

## V.    The ALJ's Findings

The ALJ determined that M.E.M. was not under a disability within the meaning of the Act from the date of application, January 26, 2016, through the date of the decision. AR 10-23.

**At step one**, the ALJ found that M.E.M. had not engaged in substantial gainful activity since the date of application. AR 13 (citing 20 C.F.R. §§ 416.924(b), 416.1571 *et seq*.).

**At step two**, the ALJ found that M.E.M. had the following severe impairments: ADD/ADHD; and anxiety disorders. AR 13 (citing 20 C.F.R. § 416.924(c)).

**At step three**, the ALJ found that M.E.M. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 13 (citing 20 C.F.R. §§ 416.924, 416.925, 416.926). The ALJ found that M.E.M. did not have an impairment or combination of impairments that functionally equaled the severity of the listings. AR 14 (citing 20 C.F.R. §§ 416.924(d), 416.926a).

1  Specifically, the ALJ found that M.E.M. had a "less than marked" limitation in
2  acquiring and using information, attending and completing tasks, interacting and
3  relating with others, and the ability to care for herself and "no limitation" in
4  moving about and manipulating objections and health and physical well-being.
5  AR 17-22.

6  The ALJ found that M.E.M. had not been disabled, as defined in the Act,
7  since January 26, 2016, the date of application. AR 22 (citing 20 C.F.R. §
8  416.924(a)).

## VI. Issues for Review

10  Plaintiff argues that the Commissioner's decision is not free of legal error
11  and not supported by substantial evidence. Specifically, she argues that: (1) the
12  Appeals Council erred by failing to exhibit relevant new evidence; (2) the ALJ
13  erred by not properly addressing Plaintiff's testimony; and (3) the ALJ erred by
14  not properly assessing the functional domains. ECF No. 11.

## VII. Discussion

**A. New Evidence**

17  Plaintiff argues that the Appeals Council was required to consider the
18  evidence submitted to it after the ALJ's decision, and the failure to do so was an
19  error. ECF No. 11 at 4-6.

20  Following an unfavorable decision by an ALJ, a claimant may request that

1   the Appeals Council review the decision.  20 C.F.R. § 416.1467.  "The Appeals

2   Council may deny or dismiss the request for review, or it may grant the request and

3   either issue a decision or remand the case to an administrative law judge."  *Id*.  The

4   Appeals Council "will review a case . . . if [s]ubject to paragraph (b) of this

5   section, the Appeals Council receives additional evidence that is new, material, and

6   relates to the period on or before the date of the hearing decision, and there is a

7   reasonable probability that the additional evidence would change the outcome of

8   the decision."  20 C.F.R. § 416.1470(a)(5).  Paragraph (b) states the Appeals

9   Council will only consider additional evidence under paragraph (a)(5) if a claimant

10  shows good cause for not informing the agency or submitting the evidence prior to

11  the ALJ hearing as required in 20 C.F.R. § 416.1435.  20 C.F.R. § 416.1470(b).

12        Following the ALJ's August 1, 2018 decision denying benefits, M.E.M.

13  requested review of the decision by the Appeals Council.  AR 228.  Seven

14  additional pages of evidence was submitted to the Appeals Council, including a

15  Domain Statement for Child from Riyon Hutton, M.E.M.'s counselor, dated March

16  23, 2018, AR 30-32, Domain Statement for child from Dawn Dick, M.E.M.'s

17  teacher, dated April 18, 2018, AR 33-35, and treatment records from Lee Moore,

18  MSN, ARNP dated November 17, 2016, AR 36.  The Appeals Council denied the

19  request for review and did not exhibit the newly submitted evidence, stating that

20  "[w]e find this evidence does not show a reasonable probability that it would

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 8

change the outcome of the decision. We did not exhibit this evidence." AR 2.

The Ninth Circuit has held that district courts do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision because the Appeals Council decision is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) *citing Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner and the district court reviews the ALJ's decision for substantial evidence based upon the record as a whole. *Id*. at 1161-62. "[T]he administrative record includes evidence submitted to and considered by the Appeal Council." *Id*. at 1162. When the Appeals Council fails to "consider" additional evidence that meets the requirements set forth in 20 C.F.R. § 416.1470(b), remand to the ALJ is appropriate. *Taylor*, 659 F.3d at 1233. Therefore, whether or not the Appeals Council "considered" new evidence dictates whether or not a remand is appropriate. *See Brewes*, 682 F.3d at 1162 ("the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration," and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 9

1  therefore, "the new evidence did not become part of the record, and we may not

2  consider it").

3  Here, the Appeals Council did not address the good cause requirement of 20

4  C.F.R. § 416.1470(b). AR 2. The evidence submitted was new, as it was not

5  elsewhere in the record. It was material as it specifically addressed M.E.M.'s

6  functional domains. It relates to the period before the hearing decision, as all the

7  evidence predates the ALJ's decision. The only part of 20 C.F.R. §

8  416.1470(a)(5)-(b) that the Appeals Council discussed was that the evidence did

9  "not show a reasonable probability that it would change the outcome of the

10 decision." AR 2.

11 This Court joins others in finding that it is not clear how the Appeals

12 Council determined that the new evidence would not impact the outcome of the

13 ALJ's decision while simultaneously not considering it and not associating it with

14 the record. *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at

15 *5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM,

16 2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v.

17 Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak.

18 Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT,

19 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019). Therefore, the Appeals

20 Council should have exhibited the evidence as part of the administrative record.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

Nonetheless, while the records are not assigned an exhibit number, they are incorporated with the administrative record filed before this Court. *See* ECF No. 8.

The Court must now consider whether the ALJ's decision is supported by substantial evidence considering the record as a whole, including the records submitted to the Appeals Council.

**B.     Plaintiff's Statements**

Plaintiff challenges the ALJ's treatment of her statements. ECF No. 11 at 6-12. The ALJ summarized Plaintiff's statements as she "alleged difficulty maintaining focus in the classroom and staying on task." AR 15. He then found that some of the alleged mental limitations including lack of focus and attention were reasonable given the severe impairments of ADD/ADHD, but the degree of symptoms exhibited could partially be attributed to medication non-compliance, which was within Plaintiff's control. AR 16. The ALJ then stated that "Function reports completed by the claimant's mother on the claimant's behalf have also been considered (1E, 2E). They contain allegations that have been addressed in this decision. They are not third-party report[s] because [Plaintiff] was making statements on the minor claimant's behalf." AR 16.

Plaintiff is the parent of the claimant child. The child testified at the December 8, 2017 hearing regarding her friends and what she enjoyed at school. Tr. 58-71. Social Security Ruling (S.S.R.) 95-5p states that "in the case of an

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

1  individual under age 18 who is unable to adequately describe his or her symptoms,

2  the description of the symptom(s) given by the person who is most familiar with

3  the individual, such as a parent, other relative, or guardian, will be accepted as a

4  statement of the individual's symptoms."  Here, the ALJ appears to conclude that

5  while M.E.M. testified at the hearing, she was not able to describe her symptoms

6  and, therefore, relied on Plaintiff's statements as those of M.E.M.  AR 16.

7  　　　Plaintiff accurately argues that since the ALJ accepted Plaintiff's statements

8  as those of M.E.M., the specific, clear and convincing standard set forth in

9  *Garrison v. Colvin* applies.  ECF No. 11 at 8 *citing* 759 F.3d 995, 1014-15 (9th

10  Cir. 2014) (absent evidence of malingering the ALJ can reject a claimant's

11  testimony about the severity of her symptom only by offering specific, clear and

12  convincing reasons for doing so).  In contrast, if Plaintiff's statements are viewed

13  as those of a family member, then the ALJ was only required to find reasons

14  germane to her statements for rejecting them.  *Dodrill v. Shalala*, 12 F.3d 915, 919

15  (9th Cir. 1993).  The Court will not make a determination because the ALJ's

16  conclusion that M.E.M.'s degree of symptoms would have increased her functional

17  capacity by controlling her symptoms was not supported by substantial evidence.

18  　　　The ALJ may properly rely on "unexplained or inadequately explained

19  failure to seek treatment or to follow a prescribed course of treatment" when

20  assessing the reliability of a claimant's statements.  *Tommasetti,* 533 F.3d at 1039.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

1  However, the ALJ must consider why the claimant failed to follow the prescribed

2  treatment.  S.S.R. 16-3p ("We will not find an individual's symptoms inconsistent

3  with the evidence in the record on this basis without considering possible reasons

4  he or she may not comply with treatment or seek treatment consistent with the

5  degree of his or her complaints.").  Here, the ALJ cited to Dr. Brown's note that

6  Plaintiff did not want M.E.M. on the medications at school because of emotional

7  lability with the medications.  AR 16 *citing* 6F/7.  However, the ALJ's citation is

8  inaccurate.  Dr. Brown's opinion is located on page seven of Exhibit 6A.  AR 122.

9  Despite the incorrect citation, the ALJ's reliance on Dr. Brown's comment does

10 not reflect the record as a whole.

11      A review of the record as a whole demonstrates that Plaintiff consistently

12 reported issues with side effects of medications, and she continued to seek

13 medication intervention to address the ongoing symptoms.  In October of 2015,

14 Plaintiff reported only giving M.E.M. medications about half of the time because

15 she was concerned with anger and tearfulness.  AR 384.  The provider changed the

16 medications to a combination of short-acting and delayed release doses, called

17 Ritalin LA, that would last longer to address the reported problems.  AR 385.

18 However, M.E.M.'s health insurance would not cover the combination of

19 medications.  AR 386.  Instead, she was put on Metadate CD 10 mg that Plaintiff

20 felt was causing emotional lability, and was she reported giving it to M.E.M. at the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

1   follow up appointment in February of 2016.  *Id*.  The provider then prescribed

2   Adderall XR 5 mg.  *Id*.  In June of 2016, Plaintiff reported that medication was

3   unhelpful for treating the ADHD symptoms.  AR 400.  In August of 2016, M.E.M.

4   was prescribed methylphenidate CD 10 mg for her ADHD.  AR 522.  A couple

5   weeks later, M.E.M. stated she was having difficulty taking her pill out of fear of

6   the side effects that the provider had reviewed with her.  AR 523.  By early

7   September of 2016, M.E.M. stated she had been taking the medication since school

8   started, but did not notice any difference.  AR 525.  This was confirmed by

9   Plaintiff.  AR 527.  By late September, Plaintiff reported that she had been

10  inconsistent with giving M.E.M. the medication, but had not seen a change in

11  behavior except that she talks a lot on the days she takes the medication.  AR 528.

12  By November of 2016, Plaintiff reported giving M.E.M. the medication more

13  consistently and noted an improvement in overall functioning, but that the teacher

14  had mentioned trouble concentrating at school.  AR 532.  By December of 2016,

15  M.E.M. had developed a grimace that Plaintiff stated she had noticed since M.E.M.

16  started the newest medication.  AR 537.  By January of 2017, M.E.M. reported that

17  other kids at school were noticing the grimace.  AR 540.  Her medication was

18  changed again to atomoxetine.  AR 542.  At the next appointment, Plaintiff

19  reported that M.E.M. complained of stomach aches and lack of appetite on the new

20  medication.  AR 544.  M.E.M. was put on Focalin XR.  AR 546.  Starting the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

1  Focalin was delayed by insurance not approving it initially.  AR 547.  In March of

2  2017, the Focalin dosage was increased.  AR 557.  By the beginning of school in

3  the fall of 2017, M.E.M. was restarted on the Focalin without side effects.  AR

4  566, 569.  The ALJ's determination discounting Plaintiff's testimony due to

5  medication noncompliance is not supported in the record.  Instead, the record

6  demonstrates that Plaintiff worked with providers through multiple medications

7  with side effects before finding one that worked.  Therefore, the ALJ's

8  determination is not supported by substantial evidence and the case is remanded

9  for the ALJ to properly address both the statements of Plaintiff and those of

10  M.E.M.

11       Plaintiff also addresses the ALJ's general assertion that the symptom

12  statements are not supported in the record.  ECF No. 11 at 11-12.  The ALJ found

13  that "the claimant's" "statements concerning the intensity, persistence and limiting

14  effects of these symptoms are not entirely consistent with the medical evidence and

15  other evidence in the record for the reasons explained in this decision."  AR 14.

16  The ALJ then summarized the testimony by Dr. Pelc and how the longitudinal

17  evidence supported Dr. Pelc's opinion.  AR 15.  In doing so, the ALJ failed to state

18  what evidence undermined whose statements.  Therefore, without more specific,

19  the Court cannot address this as a reason for rejecting either Plaintiff's or M.E.M.'s

20  statements.  Furthermore, the Ninth Circuit has specifically held that a generic non-

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 15

1   credibility finding followed by a summary of the medical evidence does not meet

2   the "specific" portion of the "specific, clear and convincing" standard. *Brown-*

3   *Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

4       In conclusion, the case is remanded for the ALJ to properly address

5   Plaintiff's statements and M.E.M.'s statements.

6   **C.    Functional Domains**

7       Plaintiff also argues that the ALJ erred in assessing the functional domes.

8   ECF No. 11 at 12-21.

9       Here, the medical evidence to the Appeals Council includes two Domain

10  Statement for Child forms. AR 30-35. As addressed above, these forms must be

11  used when determining whether the ALJ's determination is supported by the record

12  as a whole. Because the case is being remanded for the ALJ to properly address

13  Plaintiff's statements, the ALJ will also readdress the functional domains with

14  these forms as part of the record.

15                      **VIII.  Conclusion**

16      The decision whether to remand for further proceedings or reverse and

17  award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

18  888 F.2d 599, 603 (9th Cir. 1989). Reversing and awarding benefits is appropriate

19  when (1) the record has been fully developed and further administrative

20  proceedings would serve no useful purpose; (2) the ALJ has failed to provide

legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the ALJ must consider the evidence submitted to the Appeals Council on remand. The ALJ will readdress the statements made by M.E.M. and Plaintiff and assess the functional domains in accord with the new evidence and the statements. Additionally, the ALJ will supplement the record with any outstanding evidence.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 17

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** March 30, 2021.

>              *s/ Robert H. Whaley*
>          ROBERT H. WHALEY
>       Senior United States District Judge